1  Todd K. Boyer, State Bar No. 203132
   todd.boyer@bakermckenzie.com
2  **Baker & McKenzie LLP**
   660 Hansen Way
3  Palo Alto, CA  94304-1044
   Telephone:  +1 650 856 2400
4  Facsimile:   +1 650 856 9299

5  Attorneys for Defendant
   Trans Bay Cable, LLC
6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11 | GREG COLEMAN and RICHARD BOU, on | Case No. |
   behalf of their own and on behalf of former
12 employees similarly situated,                | **NOTICE OF REMOVAL OF CIVIL**
                                                  **ACTION TO FEDERAL COURT BY**
13              Plaintiffs,                        **DEFENDANT TRANS BAY CABLE,**
                                                  **LLC**
14       v.
                                                  **28 U.S.C. §§ 1331, 1441**
15 TRANS BAY CABLE LLC, STEVEN
   POWELL, and DOES 1 through 25,                 Contra Costa County Superior Court
16                                                Case No. C19-00312
              Defendants.
17                                                Complaint Filed: February 14, 2019

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant TRANS BAY CABLE, LLC ("TBC"), by and through its attorneys, Baker & McKenzie LLP, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of Removal, based on federal enclave jurisdiction, to effect the removal of the above-captioned action, Case No. C19-00312 from the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California, and states that removal is proper for the following reasons:

## I.    BACKGROUND INFORMATION

1.    On February 14, 2019, Plaintiffs Greg Coleman and Steven Bou ("Plaintiffs") filed a civil complaint in the Superior Court of the State of California, County of Contra Costa, entitled *Greg Coleman and Richard Bou, et al. v. Trans Bay Cable LLC and Steven Powell, et al.*, Case No. C19-00312 ("Complaint"). TBC was served with a Notice of Acknowledgment of Receipt of the Complaint on April 4, 2019 which required TBC to accept service by April 24, 2019. TBC acknowledged service of the Complaint effective April 23, 2019. A true and correct copy of the Summons and Complaint, together with a Civil Case Cover Sheet from the Superior Court of the State of California, County of Contra Costa, and the executed Notice of Acknowledgment of Receipt, as served upon TBC, is attached hereto as **Exhibit A.**

2.    The Complaint asserts four causes of action against TBC:

- Wrongful Discharge in Violation of Labor Code §§ 98.6, 1102.5, and 2698-2699.6 (Against TBC and Does 1-25);

- Wrongful Termination in Violation of Public Policy (Against TBC and Does 1-25);

- Violation of the Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq.* (against TBC and Does 1-25); and

- Intentional Infliction of Emotional Distress (against TBC, Powell, and Does 1-25).

3.    TBC and Steven Powell are the only named defendants in the Complaint. The undersigned counsel represents TBC in this action. Upon information and belief, Steven Powell has

not been served.

4.     TBC has not yet propounded an answer to Plaintiffs' Complaint.

## II.     THE NOTICE OF REMOVAL IS TIMELY

5.     This Notice of Removal is timely because it is filed within thirty days of April 23, 2019, the date TBC acknowledged service of Plaintiffs' Complaint.  28 U.S.C. § 1446(b); *see Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348-349 (1999) (holding that the thirty-day time period to remove commences upon service of the summons and complaint); *Steppechange LLC v. Veon Ltd*., 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018) (same).

## III.     FEDERAL ENCLAVE JURISDICTION EXISTS

### A.     TBC is Headquartered and Operates Within The Presidio of San Francisco.

6.     TBC operates a 53-mile direct current electrical transmission cable with fiber optic communication cables buried in the San Francisco Bay.  (Compl.¶ 15; Declaration of Nina Sights "Sights Decl." ¶ 2.)  TBC's headquarters and principal place of operation is located in the Presidio of San Francisco ("the Presidio"), with an address of One Letterman Drive, C5-100 San Francisco, CA 94129.  (*See* Compl. ¶ 6 (noting that TBC's principal place of business is located in San Francisco); Sights Decl., ¶ 3.)  Plaintiff Coleman, at all relevant times, was employed by TBC and primarily worked at TBC's headquarters within the boundaries of The Presidio of San Francisco.  (Sights Decl., ¶ 3,4.)  According to Plaintiff Coleman's working log, he spent 90 percent of his time working within the Presidio.  (*Id.*)

7.     Any material decisions relating to TBC's compliance with regulatory standards set by the California Public Utilities Commission ("CPUC") and the Federal Energy Regulatory Commission ("FERC")--material components of Plaintiffs' Complaint--occur and occurred within the Presidio.

8.     Further, TBC's Human Resources function is located and operates within the Presidio.  (Sights Decl. ¶ 6.)  The decision to terminate the employment of Plaintiff Coleman and Bou was made in the Presidio by Chief Executive Officer Michael Cyrus and Chief Operating Officer Sean O'Reilly, both of whom primarily worked in the Presidio.  (Sights Decl. ¶ 5.)  Consequently, the decisions pertaining to Plaintiffs' employment with TBC were made within the boundaries of the Presidio, as were decisions relative to other terms and conditions of Plaintiffs' employment.  (Sights Decl. ¶ 6.)

**B.      The Presidio Is A Federal Enclave Giving Rise to Federal Enclave Jurisdiction.**

9.      The Presidio is a federal enclave.  That the material transactions set forth in the Complaint occurred within the boundaries of the Presidio gives rise to federal jurisdiction under 28 U.S.C. § 1331.  Pursuant to Section 1331, federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  An action "arises under" federal law within the meaning of Section 1331 if either: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *See id.*

10.      Article I, Section 8, Clause 17 of the United States Constitution gives Congress the power to "exercise exclusive legislation in all cases whatsoever" over all places the federal government purchases with the consent of a state "for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings."  "Exclusive legislation" means "exclusive jurisdiction." *Swords v. Kemp*, 423 F. Supp. 2d 1031, 1034-35 (N.D. Cal. 2005); (quoting and citing *Surplus Trading Co. v. Cook*, 281 U.S. 647, 652 (1930)).  Exclusive jurisdiction "assumes the absence of any interference with the exercise of the functions of the Federal Government and . . . debar[s] the State from exercising any legislative authority, including its taxing and police power, in relation to the property and activities of individuals and corporations within the territory." *Silas Mason Co. v. Tax Comm'n of Wash.*, 302 U.S. 186, 197 (1937).

11.      When California ceded the Presidio to the United States, exclusive jurisdiction over that area was conferred upon the United States. *Standard Oil Co. v. Cal.*, 291 U.S. 242, 244 (1934) (holding that the Presidio is a federal enclave).  The Northern District of California has expressly recognized as recently as 2005 that the Presidio is a federal enclave giving federal courts exclusive jurisdiction over all matters within its boundaries. *Swords*, 423 F. Supp. 2d at 1034-38 (N.D. Cal. 2005) (determining that the "The Presidio is a Federal Enclave," rejecting arguments that the 1996 trust conveyance altered such status, and finding that federal question jurisdiction exists as a result in an unlawful detainer action).

12.      For purposes of determining whether federal enclave jurisdiction exists in an employment action, the inquiry is whether the relevant employment decisions reflect an employer's

practices on the federal enclave. *Taylor v. Lockheed Martin Corp.*, 92 Cal. Rptr. 873, 878 (Cal. App. 2000) (federal enclave jurisdiction existed on FEHA wrongful termination claims on the grounds that defendants' employment practice on the enclave was controlling.); *Powell v. Tessada & Associates, Inc.*, C 04-05254 JF, 2005 WL 578103 (N.D. Cal. Mar. 10, 2005), *2 (federal enclave jurisdiction existed on California FEHA and California labor code claims because "regardless of where the decision not to retain Plaintiffs was made, the decision reflects Defendants' employment practice on the enclave."). Furthermore, for non-employment actions, the ultimate inquiry is where the substance and consummation of the [action or actions] occurred." *Totah v. Bies*, No. C 10-5956 CW, 2011 U.S. Dist. LEXIS 39940, at *2 (N.D. Cal. 2011).

13.    All of Plaintiff's claims are removable pursuant to federal enclave jurisdiction. As to Plaintiff's Wrongful Discharge and Discharge in Violation of Public Policy claims against TBC, respectively asserted in Count One and Count Two, the material events giving rise to Plaintiffs' employment at Defendant occurred within the boundaries of the Presidio. (*See* Sights Decl., ¶ 4, 5.) As noted by his work location logs, Plaintiff Coleman rarely worked outside the boundaries of the Presidio. (*See* Sights Decl, ¶ 4, Ex. A.) The terms and conditions of both Plaintiff Coleman and Plaintiff Bou's employment were based upon policies promulgated, maintained, and enforced within the Presidio. Moreover, Counts One and Two rely upon alleged communications with the WECC, FERC, NERC, and CPUC, policies and communications regarding which are administered within the Presidio. *See Azhocar v. Coastal Marine Servs., Inc.*, No. 13-CV-155 BEN (DHB), 2013 WL 2177784, at *2-3 (S.D. Cal. May 20, 2013) (basis for removal apparent based on Plaintiff's California wage and hour law violations arising out of plaintiffs' work at naval bases); *Bell v. Arvin Meritor, Inc.*, No. 12-00131-SC, 2012 WL 1110001, at *2 (N.D. Cal. Apr. 2, 2012) (plaintiffs' tort claims based on exposure to asbestos in the course of employment with the United States Army on various army bases established federal enclave); *Fung v. Abex Corp*, 816 F. Supp. 569, 571 (N.D. Cal. 1992) (same, on naval base); *Swords*, 423 F. Supp. 2d at 1034-38 (N.D. Cal. 2005) (unlawful detainer action transpiring within the Presidio gave rise to federal enclave jurisdiction).

14.    As to Plaintiffs' Unfair Competition Claim asserted against TBC in Count Three, Plaintiffs alleged that TBC engaged in Unfair Competition based on the manner in which it operated

(Compl. ¶¶ 75-79.)  TBC is headquartered in and operates from the Presidio.  (*See* Sights Decl., ¶ 3.)  Plaintiffs' Count Four Intentional Infliction of Emotional Distress Claim relies upon the alleged conduct of Defendant Powell, and ratified by Chief Operating Officer Sean O'Reilly, who worked within the Presidio.  Accordingly federal enclave jurisdiction is proper in this action.

15.    The Court may also exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367 over any claims in this action asserted against any defendant that do not otherwise give this Court original jurisdiction, as all claims of all Plaintiffs share a common nucleus of operative facts and are therefore so related that they form part of the same case or controversy under Article III of the United States Constitution. *Cirilo v. Lincoln Elec. Co.*, No. SA-04-CA-115-RF, 2004 U.S. Dist. LEXIS 28679, at *12 (W.D. Tex. May 24, 2004) (granting supplemental jurisdiction on claims occurring outside of court's federal enclave jurisdiction); *Sherin v. John Crane-Houdaille, Inc.*, No. WDQ-11-3698, 2015 U.S. Dist. LEXIS 36857, at *5 (D. Md. Mar. 24, 2015) (same).

16.    Based on the above, this Court has federal enclave jurisdiction in this action, and it is properly removed to this Court.

## IV.    VENUE

17.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Under 28 U.S.C. § 84(a), this Court embraces the Superior Court of the State of California for the County of Contra Costa.  Accordingly, this Court is the appropriate Court to remove this action.  28 U.S.C. § 1441(a).

## V.    NOTICE OF REMOVAL

18.    As required by 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this Notice of Removal to Plaintiff's counsel, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Contra Costa.

## VI.    CONCLUSION

19.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(a), and having fulfilled all statutory requirements, Defendants remove

1   this action from the Superior Court of California, County of Contra Costa, to this Court, and requests

2   this Court to assume full jurisdiction over this matter as provided for by law.

3

4   Dated:   May 22, 2019                    BAKER & MCKENZIE LLP

5

6   By: /s/ *Todd K. Boyer*
                                            Todd K. Boyer
7                                           Attorneys for Defendant
                                            Trans Bay Cable LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRANS BAY CABLE LLC, STEVEN POWELL, and DOES 1 through 25

2019 FEB 14  P 3: 10

KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY:
A. SOBHAM, DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREG COLEMAN and RICHARD BOU, on their own behalf and on
behalf of former employees similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Contra Costa County Superior Court<br>725 Court Street<br>Martinez, CA 94553 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**C19 - 00312** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexis S. McKenna/Erika J. Scott 197120/244724 WINER, MCKENNA, BURRITT & TILLIS, LLP
1999 Harrison Street, Suite 600 (510) 433-1000
Oakland, CA 94612

| DATE:<br>*(Fecha)* | **FEB 1 4 2019** | Clerk, by<br>*(Secretario)* | A. GRAHAM | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB
ceb.com
Essential
Forms

**SUMMONS**

*ORIGINAL* Trans Bay Cable

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

First Legal
200 Webster #201
Oakland, CA 94607
415-636-3111





1  Alexis S. McKenna, Esq. (SBN 197120)
   Erika J. Scott, Esq. (SBN 244724)
2  **WINER, McKENNA, BURRITT, & TILLIS, LLP**
   1999 Harrison St., Ste. 600
3  San Francisco, California 94612
   Telephone: (510) 433-1000
4  Facsimile: (510) 433-1001

5  Attorney for Plaintiffs
   GREG COLEMAN; RICHARD BOU
6

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF CONTRA COSTA – UNLIMITED JURISDICTION**

10                                                    C19-00312

11  GREG COLEMAN and RICHARD BOU, on       Case No.:
    their own behalf and on behalf of former  (UNLIMITED JURSIDICTION)
12  employees similarly situated,
                                             **COMPLAINT**
13             Plaintiffs,
                                             1. Wrongful Discharge in Violation of Labor
14       vs.                                    Code (Lab. Code, §§ 98.6, 1102.5, and
                                                2698 *et seq.)*
15  TRANS BAY CABLE LLC, STEVEN            2. Wrongful Discharge in Violation of Public
    POWELL, and DOES 1 through 25,            Policy
16                                          3. Violation of Unfair Competition Law
               Defendant.                      (Bus. & Prof. Code, §§ 17200 *et seq.)*
17                                          4. Intentional Infliction of Emotional
                                               Distress
18

19

20       Plaintiffs Greg Coleman and Richard Bou complain and allege as follows:

21                            **JURISDICTION AND VENUE**

22       1.      Venue in Contra Costa County is proper because the injuries and wrongful acts

23  occurred in Contra Costa County.

24       2.      Subject matter in this action is properly heard in this Court, as the action incorporates

25  an amount in controversy as set forth in the complaint which exceeds $25,000.00.

26       3.      On November 30, 2018, and within the time provided by law, Plaintiffs gave notice to

27  the Labor & Workforce Development Agency via certified mail of their claims pursuant to Labor

28                                             1
                                        **COMPLAINT**

1    Code section 2699.3(a).  Plaintiffs now timely file the instant action.

2                                                    **PARTIES**

3            4.       Plaintiff Greg Coleman is an adult male who was at all relevant times resident of the

4    state of California.

5            5.       Plaintiff Richard Bou is an adult male who was at all relevant times a resident of the

6    state of California.

7            6.       On information and belief, defendant TRANS BAY CABLE LLC ("TBC") is a

8    foreign limited liability company formed under the laws of the State of Delaware.  On further

9    information and belief, TBC's principal place of business is located in San Francisco County.  On

10   further information and belief, TBC maintained an office in Contra Costa County.  On further

11   information and belief, TBC is, and at all times herein mentioned was, qualified to do business in

12   California.

13           7.       Defendant STEVEN POWELL ("POWELL") is an adult natural person who

14   Plaintiffs are informed and believe, and hereon allege, is a resident of the state of California, and is

15   therefore subject to the jurisdiction of this Court.

16           8.       Plaintiffs are ignorant of the true names and capacities of the defendants sued herein

17   as Does 1 to 25, inclusive, and, therefore, sues said defendants by such fictitious names.  Plaintiffs

18   will file an amendment to complaint and/or will seek leave of court to amend this Complaint to

19   allege their true names and capacities when the same have been ascertained.  On information and

20   belief, each of the fictitiously-named defendants is responsible in some actionable manner for the

21   acts, conduct, and/or omissions complained of herein, which resulted in injury and damage to

22   Plaintiffs, and was the legal cause of same.

23           9.       On information and belief, the managerial or supervisory employees described herein,

24   and the DOE defendants, and the other employees, were the agents, employees, and servants of each

25   of the other defendants, and in doing the things hereinafter alleged were acting in a managerial or

26   supervisory capacity within the scope of their authority, or, if said conduct was outside the scope of

27   their authority, said conduct was known to, authorized, and/or ratified by the other defendants.

28

1          FACTUAL ALLEGATIONS—GREG COLEMAN

2          10.     On information and belief, defendant TBC is as an energy transmission company and

3    public utility, subject to the jurisdiction of both the California Public Utilities Commission

4    ("CPUC") and the Federal Energy Regulatory Commission ("FERC").

5          11.     On information and belief, CPUC and FERC require electric utilities, such as TBC, to

6    comply with standards, orders, rules, regulations, and laws that are not only designed to ensure that

7    electricity remains available and affordable to all citizens, but also to ensure that the nation's

8    electrical grids are protected from massive disruptions (e.g., "blackouts") due to infrastructure

9    failures, cyberterrorism, other cyberattacks, and natural disasters.

10         12.     On information and belief, FERC, in about 2007, granted to the North American

11   Electric Reliability Corporation ("NERC") the legal authority to create and enforce reliability

12   standards.  On further information and belief, NERC delegates the enforcement of the reliability

13   standards in an area known as the Western Interconnection, which includes California, to a regional

14   entity known as the Western Electricity Coordinating Council ("WECC").

15         13.     On information and belief, the reliability standards include a group of nine rules

16   commonly referred to as the Critical Infrastructure Protection ("CIP") standards, which constitute

17   dozens of requirements and more than 100 sub-requirements.  The CIP standards are as follows:

18   CIP-001, pertaining to sabotage reporting; CIP-002, pertaining to critical cyber asset identification;

19   CIP-003, pertaining to security management controls; CIP-004, pertaining to personnel and training;

20   CIP-005, pertaining to electronic security perimeters; CIP-006, pertaining to physical security of

21   critical security of critical cyber assets; CIP-007, pertaining to systems security management; CIP-

22   008, pertaining to incident reporting and response planning; and CIP-009, pertaining to recovery

23   plans for critical cyber assets.

24         14.     On information and belief, compliance with the reliability standards, including the

25   CIP standards, is mandatory, and NERC, and NERC-overseen entities, such as WECC, may bring

26   enforcement actions against power companies like TBC to force rectification of a non-compliant

27   company's issues.  Further, non-compliant companies may also be fined in proportion to the degree

28   _____

3
**COMPLAINT**

1  of non-compliance.

2      15.    On information and belief, from about sometime in 2010 to the present, defendant

3  TBC has been providing electrical power and other services to the City of San Francisco and

4  surrounding areas via a 53-mile-long direct current electrical transmission line with bundled fiber-

5  optic cables located beneath San Francisco Bay.

6      16.    In August 2014, plaintiff Greg Coleman began working at TBC as an onsite

7  consulting technician through Every Network.  In around September 2015, TBC hired him directly

8  as IT Manager. Mr. Coleman reported to COO Sean O'Reilly.

9      17.    Mr. Coleman worked primarily out of TBC's Contra Costa County office in Pittsburg,

10  California, where the majority of the acts alleged herein occurred.

11      18.    In about late July of 2016, Mr. Coleman was informed by an engineer, on the

12  engineer's last day of employment after having resigned, that CIP standards compliance was past-

13  due and needed to be completed so as to avoid serious fines.  On information and belief, this

14  engineer sent emails to others in upper management about these compliance issues that were not

15  being addressed.

16      19.    On information and belief, at some unknown point in the spring or early summer of

17  2017, an anonymous call was made to WECC regarding TBC's lack of compliance with various

18  regulations.

19      20.    In June 2017, Mr. Coleman and another individual informed the Director of

20  Engineering, Ismail Al-Jihad, and another individual, Chris Chadd, of other issues that caused TBC

21  to be out of compliance with CIP standards.  It was agreed that the issues should be reported to

22  POWELL, the Senior CIP Manager, who supervised Mr. Coleman.

23      21.    POWELL, like Mr. Coleman, worked primarily out of TBC's Contra Costa County

24  office in Pittsburg, California.

25      22.    In late June of 2017, Mr. Coleman advised POWELL of the issues and stated he was

26  finalizing a report about them.  POWELL impliedly threatened Mr. Coleman not to report the matter

27  to anyone else, as it would place him in a negative light.  Given the seriousness of the situation, a

28

4

1   few days later Mr. Coleman presented his report showing the various CIP violations and options to

2   fix the concerns to POWELL. This angered POWELL.

3          23.    On July 10, 2017, Mr. Coleman followed up with POWELL, requesting that he get

4   back to him so they could deal with the issues. POWELL ignored the matter.

5          24.    On information and belief, in mid-July 2017 TBC was informed by another individual

6   who had resigned that POWELL was failing to address serious CIP/FERC violations. Around that

7   time, Cliff Losh, TBC's General Counsel, contacted Mr. Coleman about the matter.

8          25.    On or about July 14, 2017, Mr. Coleman notified TBC's COO, Sean O'Reilly, about

9   the violations and non-compliance issues, and about POWELL's refusal to deal with the issues.

10   Further, Mr. Coleman indicated that POWELL had retaliated against him, and that he feared he was

11   at further risk for bringing these matters forward. Later that day, in a meeting attended by Mr.

12   Coleman, Mr. O'Reilly, and Mr. Losh, Mr. O'Reilly admitted that Mr. Coleman's report did appear

13   to show serious compliance violations. After the meeting, on that same day, Mr. Coleman made

14   some suggestions to help with the compliance violations. He also stated that employees feared

15   POWELL could come back for revenge.

16          26.    On information and belief, POWELL became aware of Mr. Coleman's report to Mr.

17   Losh and/or Mr. O'Reilly.

18          27.    In about August of 2017, Mr. Coleman did not apply for a position that he felt he had

19   the qualifications, experience, and organizational knowledge for—an IT Director position—because,

20   due to a reorganization, he would have had to report to POWELL. Instead, he requested to have

21   input during the interview and hiring process. But that request was ignored.

22          28.    In about early September of 2017, POWELL, after having been stripped of his senior

23   CIP manager title, denied Mr. Coleman electronic CIP access, which, on information and belief, was

24   done in retaliation for prior reports about non-compliance, and further, amounted to additional non-

25   compliance with the CIP standards. Mr. Coleman did not receive CIP access until sometime in

26   October of 2017, when it was granted by Mr. Al-Jihad, the new Director of IT and Senior CIP

27   Manager.

28

**COMPLAINT**

1    29.    In about November of 2017, Mr. Al-Jihad informed Mr. Losh that TBC needed to

2  immediately do the self-reporting regarding the compliance violations pointed out in Mr. Coleman's

3  report. Yet, nothing was done. At this point, TBC had been out of compliance with CIP regulations

4  for almost a year.

5    30.    On November 25, 2017, Mr. Coleman was given his year-end performance review

6  from Mr. Al-Jihad. He received a 3.2 out of 4.

7    **FACTUAL ALLEGATIONS—RICHARD BOU**

8    31.    Richard Bou was hired at TBC as an Operations Engineer in March 2017. He was

9  responsible for NERC compliance in the areas of Balancing and Resourcing, Facilities Design,

10  Connections and Maintenance, Nuclear, Voltage and Reactive and Transmission Planning.

11    32.    Mr. Bou worked primarily out of TBC's Contra Costa County office, where the

12  majority of the acts alleged herein occurred.

13    33.    Sometime in about July of 2017, after an audit of the Physical Security Program, Mr.

14  Bou notified Mr. Al-Jihad of specific areas of NERC non-compliance. Mr. Al-Jihad asked Mr. Bou

15  to correct the deficiencies and re-submit the audit report. Mr. Bou reported to him that the audit is a

16  snapshot of the current state of the program. The audit identified accrual and administrative

17  deficiencies. With respect to the administrative deficiencies, Mr. Bou explained to Mr. Al-Jihad that

18  he would dig deeper to determine whether the deficiencies were due to incomplete or misplaced

19  documentation. He also said that he would begin the correct process prior to reporting the audit

20  findings to POWELL. Mr. Al-Jihad agreed with Mr. Bou's recommended course of actions.

21    34.    In August 2017, Mr. Bou met with Mr. Al-Jihad and POWELL and reported the audit

22  findings. POWELL tried to defend the Physical Security Program and refused to sign the audit

23  findings.

24    35.    On information and belief, POWELL was one of the individuals who was missing

25  proper documentation. Some of the individuals when informed that this documentation was missing

26  rapidly turned it in. POWELL did not. Mr. Bou tried to work with HR to get the documentation

27  from POWELL. Following this, POWELL's attitude toward Mr. Bou completely changed. He was

28

1  clearly angry that Mr. Bou had run an audit and notified them of these deficiencies.

2      36.    In late September 2017, interim HR Director Nina Sights requested private and

3  allegedly anonymous meetings with the Pittsburg staff to discussion issues in Operations and with

4  POWELL. Both Mr. Coleman and Mr. Bou were interviewed. During his interview, Mr. Bou told

5  Ms. Sights about how he had prepared the audit and reported it to POWELL and ever since then, he

6  has been on his bad side. While previously POWELL had behaved cordially and normally toward

7  Mr. Bou and would engage with him, now he would not even acknowledge his presence. Mr. Bou

8  provided Ms. Sights with examples of how POWELL encountered him with another co-worker and

9  would engage with the co-worker without so much as saying hello to Mr. Bou. He had to pass by

10 Mr. Bou's desk each day to get to his office and would not look at or say hello to him anymore. Mr.

11 Bou reported that he believed this was because of the audit.

12     37.    In early October 2017 when Mr. Al-Jihad became Director of IT, Colin Sullivan

13 became Director of Engineering and Mr. Bou's direct supervisor. Mr. Sullivan told Mr. Bou he

14 needed to submit all his audit finding to legal counsel. He did so around November/December of

15 2017. At this point, POWELL and TBC were still not in compliance. On information and belief,

16 POWELL remained out of compliance until January of 2018. This should have been reported to

17 WECC in August of 2017 when Mr. Bou did his audit.

18     38.    In December 2017, Mr. Bou was given his year-end performance review from Mr.

19 Sullivan. He received a 3.1 out of 4.

20              **TBC'S TERMINATION OF MR. COLEMAN AND MR. BOU**

21     39.    On further information and belief Defendants have terminated other employees who

22 have, like Plaintiffs, expressed concerns about violations of, and non-compliance with, local, state,

23 and federal rules and regulations, including, but not limited, Chris Chadd, who was terminated in

24 about January of 2018.

25     40.    On or about March 2, 2018, Richard Bou and Greg Coleman had dinner with former

26 TBC employees James Tolman and Alex Bratco. At that point, Mr. Tolman and Mr. Bratco were

27 employed at PG&E. During the dinner conversation, Mr. Tolman asked how things were at TBC.

28

1  Mr. Coleman answered that the environment was still toxic, that leadership was failing, and that they

2  had been working 10-12-hour days for a few weeks.  He said that IT does more work than any other

3  groups in Operations and that the Operators have it easy being able to watch YouTube on the large

4  monitor. Mr. Coleman pointed out he thought that Mr. Al-Jihad as IT Director would be watching

5  the Operators and putting a stop to this.  Nothing else was discussed regarding work.

6      41.    In early March of 2018, Mr. Coleman and Mr. Bou were summoned to separate

7  meetings with Mr. O'Reilly, the COO, and Ms. Sights, the HR Director.  During the meeting with

8  Mr. Coleman, Mr. O'Reilly falsely accused Mr. Coleman of discussing confidential matters outside

9  the workplace and of verbally threatening POWELL over the phone.  During the subsequent meeting

10  with Mr. Bou, Mr. O'Reilly grilled Mr. Bou about alleged statements made by Mr. Coleman.  Mr.

11  Bou denied that he or Mr. Coleman had discussed confidential matters outside the workplace.

12      42.    On March 8, 2018, Greg Coleman and Richard Bou were both terminated at the

13  Pittsburgh, California office during separate meetings. Neither had received any disciplinary actions

14  prior, nor been informed of any problems whatsoever with their work performance. In fact, at the

15  time, Mr. Bou was being trained to take on more duties.  Each was told by Nina Sights the reason for

16  his termination was "at-will."  During her meeting with Mr. Coleman, Nina Sights was visibly

17  shaken and said it was a "witch hunt."  Notably, this termination was just a week prior to LTIP

18  bonuses.  Mr. Coleman would have received approximately $18,500 as his bonus.

19                      **FIRST CAUSE OF ACTION**

20  **(By Plaintiffs, On Their Own Behalf and on Behalf of Other Former Employees, Against**

21  **Defendant Trans Bay Cable, and Does 1-25, and Each of Them, for Wrongful Discharge in**

22  **Violation of the Labor Code [Lab. Code, §§ 98.6, 1102.5, 2698-2699.6])**

23      43.    Plaintiffs incorporated herein the other allegations of this Complaint, except for those

24  that are inconsistent with a cause of action for retaliation in violation of Labor Code § 1102.5.

25      44.    At all times herein mentioned, Labor Code § 98.6 was in effect and prohibited adverse

26  employment action against an employee, including, but not limited to, discharge and retaliation,

27  because the employee has exercised his or her rights under various statutes, including, but not limited

28

**COMPLAINT**

1  to Labor Code § 1102.5. Section 98.6(b) provides for reinstatement, reimbursement of lost wages and

2  benefits, and a civil penalty of up to $10,000 for each violation.

3      45.    At all times herein mentioned, Labor Code § 1102.5, subpart (a), was in effect and

4  stated as follows: "An employer, or any person acting on behalf of the employer, shall not make,

5  adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information

6  to a government or law enforcement agency, to a person with authority over the employee, or to

7  another employee who has authority to investigate, discover, or correct the violation or

8  noncompliance, or from providing information to, or testifying before, any public body conducting an

9  investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information

10  discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state,

11  or federal rule or regulation, regardless of whether disclosing the information is part of the employee's

12  job duties."

13      46.    At all times herein mentioned, Labor Code § 1102.5, subpart (b), was in effect and

14  stated as follows: "An employer, or any person acting on behalf of the employer, shall not retaliate

15  against an employee for disclosing information, or because the employer believes that the employee

16  disclosed or may disclose information, to a government or law enforcement agency, to a person with

17  authority over the employee or another employee who has the authority to investigate, discover, or

18  correct the violation or noncompliance, or for providing information to, or testifying before, any public

19  body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe

20  that the information discloses a violation of state or federal statute, or a violation of or noncompliance

21  with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part

22  of the employee's job duties."

23      47.    At all times herein mentioned, Labor Code § 1102.5, subpart (c), was in effect and

24  stated as follows: "An employer, or any person acting on behalf of the employer, shall not retaliate

25  against an employee for refusing to participate in an activity that would result in a violation of state or

26  federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

27

28  _____
                          9
                    **COMPLAINT**

48.   At all times herein mentioned, Labor Code § 1102.5, subpart (d), was in effect and stated as follows: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

49.   At all times herein mentioned, Defendants were the employers of Plaintiffs.

50.   As set forth more fully above, Plaintiffs disclosed various issues regarding Defendants' non-compliance with NERC CIP standards.  The disclosures were made to employees who had authority over Plaintiffs and who also had the authority to investigate, discover, and/or correct the violations and non-compliance issues.  On information and belief, Defendants believed that Plaintiffs had previously disclosed to WECC, and might make further disclosures to WECC, NERC, FERC, and/or CPUC, regarding the violations and non-compliance issues.

51.   Plaintiffs had reasonable cause to believe that the information disclosed constituted violations of, and/or non-compliance with, NERC CIP standards, which, if true, would have resulted in enforcement proceedings against Defendants by CPUC, WECC, NERC, and/or FERC; possible substantial monetary penalties being levied against Defendants; and possible termination of Defendants' contract to provide electrical power and other services to San Francisco and surrounding areas, among other harms.

52.   Defendants discharged Plaintiffs on or about March 8, 2018.

53.   On information and belief, Defendants desired to conceal the violations and non-compliance and correct them, if at all, without ever self-reporting them, all in violation of NERC CIP standards. Plaintiffs allege that when they continued to report the violations and non-compliance to others at TBC, followed by mention of self-reporting, Defendants feared that Plaintiffs would go directly to WECC, NERC, FERC, and/or CPUC and report Defendants.  Further, Defendants suspected that Plaintiffs had already anonymously reported a prior violation to WECC in 2017. Defendants then fired Plaintiffs in retaliation for their reporting and follow-up, and the implied threat to make direct reports in the future.  Defendants' wrongful discharge of Plaintiffs also amounted to the de facto implementation or continuation of, and enforcement of, Defendants' express or implied

10
COMPLAINT

policy of discouraging and/or preventing their employees from disclosing violations of, and/or non-compliance with, local, state, and federal rules and regulations.

54.    Defendants' conduct in discharging Plaintiffs violated Labor Code § 1102.5.

55.    Plaintiffs were harmed by their wrongful termination and have suffered special and general damages in an amount in excess of the jurisdictional limits of this Court.

56.    Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

57.    Defendants' conduct was intended by them to cause injury to Plaintiffs and/or was despicable and carried on by Defendants with a willful and conscious disregard of Plaintiffs' rights. Defendants' conduct has also caused Plaintiffs to suffer cruel and unjust hardship in conscious disregard of their rights.   On information and belief, Defendants also acted fraudulently in their dealings with Plaintiffs and thereby deprived them of property, legal rights, and/or otherwise caused injury to them.  Consequently, Plaintiffs are entitled to an award of punitive and exemplary damages against Defendants.

58.    At all times herein mentioned, the Private Attorneys General Act of 2004, codified at Labor Code §§ 2698 – 2699.6, was in effect and authorized aggrieved employees to bring a civil action on their own behalf, and on behalf of others, for violating any Labor Code section that carries a civil penalty.

59.    Plaintiffs are aggrieved employees within the meaning of Labor Code § 2699(c) because they were employed by Defendants and because violations of Labor Code § 1102.5 were committed against them, as set forth above.  A suit under Labor Code § 2699 for an alleged violation of §§ 98.6 and 1102.5 is expressly authorized by Labor Code § 2699.5.

60.    Said violations have not been cured by Defendants as to Plaintiffs or, on information and belief, as to any other former employee because none have been re-hired or reinstated with backpay and other benefits to which they were entitled.

61.    A civil penalty of up to $10,000 per violation is authorized by Labor Code §§ 98.6(b)(3) and 1102.5(f).

62.    Plaintiffs have complied with the requirements of Labor Code § 2699.3 by providing the written notice required therein and by paying the appropriate fee.

63.    Plaintiffs also seek recovery of their attorney fees and costs pursuant to Labor Code § 2699(g) and as otherwise provided by law.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### SECOND CAUSE OF ACTION

**(By Plaintiffs Against Defendant Trans Bay Cable, and Does 1-25, and Each of Them for Wrongful Termination in Violation of Public Policy)**

64.    Plaintiffs incorporated herein the other allegations of this Complaint, except for those that are inconsistent with a cause of action for wrongful termination in violation of public policy.

65.    At all times herein mentioned, Labor Code § 1102.5 was in effect and set forth the public policy in California, and prohibited employers from, among other things, retaliating against their employees for disclosing information regarding, and/or reporting, violations of local, state, and federal rules and regulations.  Further, Labor Code § 98.6 was also in effect and set forth the public policy of the state of California and prohibited adverse employment action against an employee, including, but not limited to, discharge and retaliation, because the employee has exercised his or her rights under various statutes, including, but not limited to Labor Code § 1102.5.  Plaintiff incorporates herein the language set forth in Paragraphs 39-43 above as though fully set forth.  Sections 98.6 and 1102.5 reflect a broad public policy interest in encouraging workplace whistleblowers to report unlawful acts and/or non-compliance with local, state, and federal rules and regulations, without fearing retaliation.

66.    At all times herein mentioned, Defendants were the employers of Plaintiffs.

67.    As set forth more fully above, Plaintiffs disclosed various issues regarding Defendants' non-compliance with NERC CIP standards.  The disclosures were made to employees who had authority over Plaintiffs and who also had the authority to investigate, discover, and/or correct the violations and non-compliance issues.  On information and belief, Defendants believed that Plaintiffs

1   had previously disclosed to WECC, and might make further disclosures to WECC, NERC, FERC,

2   and/or CPUC, regarding the violations and non-compliance issues.

3       68.     Plaintiffs had reasonable cause to believe that the information disclosed constituted

4   violations of, and/or non-compliance with, NERC CIP standards, which, if true, would have resulted

5   in enforcement proceedings against Defendants by CPUC, WECC, NERC, and/or FERC; possible

6   substantial monetary penalties being levied against Defendants; and possible termination of

7   Defendants' contract to provide electrical power and other services to San Francisco and surrounding

8   areas, among other harms.

9       69.     Defendants discharged Plaintiffs on or about March 8, 2018.

10      70.     Defendants' termination of Plaintiffs violated the public policies of the State of

11  California as set forth above as they were terminated in violation of Labor Code § 1102.5 and § 98.6.

12      71.     On information and belief, Defendants desired to conceal the violations and non-

13  compliance and correct them, if at all, without ever self-reporting them, all in violation of NERC CIP

14  standards. Plaintiffs allege that when they continued to report the violations and non-compliance to

15  others at TBC, followed by mention of self-reporting, Defendants feared that Plaintiffs would go

16  directly to WECC, NERC, FERC, and/or CPUC and report Defendants.  Further, Defendants

17  suspected that Plaintiffs had already anonymously reported a prior violation to WECC in 2017.

18  Defendants then fired Plaintiffs in retaliation for their reporting and follow-up, and the implied threat

19  to make direct reports in the future.  Defendants' wrongful discharge of Plaintiffs also amounted to

20  the de facto implementation or continuation of, and enforcement of, Defendants' express or implied

21  policy of discouraging and/or preventing their employees from disclosing violations of, and/or non-

22  compliance with, local, state, and federal rules and regulations.

23      72.     Plaintiffs were harmed by their wrongful termination and have suffered special and

24  general damages in an amount in excess of the jurisdictional limits of this Court.

25      73.     Defendants' conduct was a substantial motivating reason for Plaintiffs' harm.

26      74.     Defendants' conduct was intended by them to cause injury to Plaintiffs and/or was

27  despicable and carried on by Defendants with a willful and conscious disregard of Plaintiffs' rights.

28

1  Defendants' conduct has also caused Plaintiffs to suffer cruel and unjust hardship in conscious

2  disregard of their rights.   On information and belief, Defendants also acted fraudulently in their

3  dealings with Plaintiffs and thereby deprived them of property, legal rights, and/or otherwise caused

4  injury to them.  Consequently, Plaintiffs are entitled to an award of punitive and exemplary damages

5  against Defendants.

6        WHEREFORE, Plaintiffs pray for judgment as set forth below.

7                              **THIRD CAUSE OF ACTION**

8      **(By Plaintiffs Against Defendant Trans Bay Cable, and Does 1-25, and Each of Them for**

9           **Violation of the Unfair Competition Law [Bus. & Prof. Code, §§ 17200 et seq.])**

10       75.    Plaintiffs incorporated herein the other allegations of this Complaint, except for those

11  that are inconsistent with a cause of action for violation of the Unfair Competition Law.

12       76.    At all times herein mentioned, Business & Professions Code §§ 17200 et seq. were in

13  effect and prohibited unlawful, unfair, and fraudulent business acts and practices, among other things.

14       77.    Defendants are persons within the meaning of Business & Professions Code § 17201.

15       78.    Defendants violated the Unfair Competition Law by committed the acts set forth herein.

16       79.    In addition to all other remedies provided by law, Plaintiffs seek injunctive relief

17  pursuant to Business & Professions Code §§ 17203 and 17204.  Plaintiffs have standing to bring suit,

18  pursuant to Business & Professions Code § 17204, because they have suffered injury in fact and

19  because they have lost money as a result of Defendants' actions.

20       WHEREFORE, Plaintiffs pray for judgment as set forth below.

21                             **FOURTH CAUSE OF ACTION**

22        **(By Plaintiffs Against All Defendants and/or Does 1-25, and Each of Them, for**

23                  **Intentional Infliction of Emotional Distress)**

24       80.    Plaintiffs incorporated herein the other allegations of this Complaint, except for those

25  that are inconsistent with a cause of action for Intentional Infliction of Emotional Distress.

26       81.    Defendant POWELL's conduct alleged herein was intentional, outrageous, malicious,

27  and committed for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and severe

28
                                    14
                                **COMPLAINT**

1   physical and emotional distress.

2          82.    Defendants TBC and/or Does 1-25 had advance knowledge of the unfitness of their

3   employee defendant POWELL, and continued to employee him, and ratified the intentional,

4   outrageous, malicious conduct as set forth above after owners, officers, directors, and/or managing

5   agents were given notice of such conduct.

6          83.    As a direct and proximate result of Defendants, and each of their conduct as alleged

7   herein, Plaintiffs were injured in their strength, health, and activity, sustaining shock and injury to

8   their nervous systems, all of which have caused and continue to cause Plaintiffs severe emotional

9   distress, great mental pain, embarrassment, humiliation, anguish and suffering, all to their detriment,

10  in an amount in excess of the minimum subject matter jurisdiction of this court and according to

11  proof.

12         84.    As a direct and proximate result of the unlawful conduct of Defendants, Plaintiffs

13  were harmed and suffered, and continue to suffer, special damages including, but not limited to,

14  losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity,

15  opportunities for employment advancement and work experience, and other damages to be proven at

16  the time of trial.

17         85.    As a direct and proximate result of the unlawful conduct of Defendants, and each of

18  them, Plaintiffs were harmed and suffered, and continue to suffer, general damages including but not

19  limited to shock, embarrassment, humiliation, emotional distress, and other damages to be proven at

20  the time of trial.

21         86.    Defendants, and each of them, committed the acts herein alleged maliciously,

22  fraudulently, and oppressively with the wrongful intention of injuring Plaintiffs from an improper

23  and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiffs.  Plaintiffs

24  are informed and believe, and hereon allege that defendants TBC and Does 1-25 knew of the

25  probable injurious consequences of defendant POWELL's continued employment but deliberately

26  failed to avoid these consequences by deliberately choosing to continue his employment and by

27  deliberately failing to restrain him, despite ample notice, from engaging in unlawful conduct.  Such

28

conduct was also authorized and/or ratified by an owner, officer, director or managing agent of defendant TBC and/or Does 1-25, including, but not limited to COO Sean O'Reilly. As a result of Defendants' willful, knowing and intentional harassment and/or retaliation against Plaintiff, they seek an award of punitive and exemplary damages in an amount according to proof.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### PRAYER FOR RELIEF

Whereas Plaintiffs pray for relief against Defendants as follows:

1.    For special damages, according to proof;

2.    For general damages, according to proof;

3.    For punitive damages, to the extent provided by law;

4.    For attorney fees, to the extent provided by law;

5.    For costs of suit incurred herein;

6.    For temporary and permanent injunctive relief, to the extent provided by law;

7.    For statutory civil penalties, to the extent provided by law;

8.    For such other and further relief as the Court deems just and proper.

Dated: February 13, 2019                    WINER, McKENNA, BURRITT, & TILLIS, LLP


By: _____
Alexis S. McKenna
Erika J. Scott
Attorney for Plaintiffs, GREG COLEMAN;
RICHARD BOU

16
**COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alexis S. McKenna/Erika J. Scott 197120/244724<br>WINER, McKENNA, BURRITT & TILLIS, LLP<br>1999 Harrison Street, Suite 600<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 433-1000   FAX NO.: (510) 433-1001<br>ATTORNEY FOR *(Name):* Plaintiffs Greg Coleman and Richard Bou | FILED<br>2019 FEB 14 P 3: 09<br>KATE BIEKER<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF CONTRA COSTA, CA<br>BY: A. GRAHAM, DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME: Coleman, et al. v. Trans Bay Cable, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: C19 - 0 0 3 1 2 |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/13/2019

Alexis S. McKenna
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CEB | Essential Forms   ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

ORIGINAL Trans Bay Cable

First Legal<br>200 Webster #201<br>Oakland, CA 94607<br>1-866-636-3111

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Trans Bay Cable

SUPERIOR COURT - MART.....Z
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

COLEMAN VS. TRANS BAY

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC19-00312

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  07/03/19      DEPT:  12        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

      a.  an order establishing a discovery schedule
      b.  an order referring the case to arbitration
      c.  an order transferring the case to limited jurisdiction
      d.  an order dismissing fictitious defendants
      e.  an order scheduling exchange of expert witness information
      f.  an order setting subsequent conference and the trial date
      g.  an order consolidating cases
      h.  an order severing trial of cross-complaints or bifurcating
          issues
      i.  an order determining when demurrers and motions will be filed

                            SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

      Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  02/14/19                    _____
                                    A. GRAHAM
                                    Deputy Clerk of the Court

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Alexis S. McKenna/Erika J. Scott        197120/244724<br> WINER, MCKENNA, BURRITT & TILLIS, LLP<br>1999 Harrison Street, Suite 600<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 433-1000        FAX NO.*(Optional):* (510) 433-1001<br>E-MAIL ADDRESS *(Optional):* alexis@wmlawyers.com<br>ATTORNEY FOR *(Name):* Plaintiffs Greg Coleman and Richard Bou | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Contra Costa |
| STREET ADDRESS:  725 Court Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  Martinez, CA 94553 |
| BRANCH NAME:  Wakefield Taylor Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER:  Greg Coleman<br>            Richard Bou |
| DEFENDANT/RESPONDENT: Trans Bay Cable, LLC, Steven Powell |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** | CASE NUMBER:<br>CIVMSC-00312 |

TO *(insert name of party being served):*  Trans Bay Cable, LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  April 4, 2019

Brenda J. Bruessard
    (TYPE OR PRINT NAME)                                         ► *(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)*

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*
     Civil Case Cover Sheet, Notice of Case Management Conference, blank Case Management Statement, ADR
     Case Management Stipulation and Orde,  Notice and Acknowledgment of Receipt-Civil

*(To be completed by recipient)*:

Date this form is signed:

► 
_____              _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
    ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** | Code of Civil Procedure<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

CEB Essential Forms
ceb.com

Trans Bay Cable

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| — Alexis S. McKenna/Erika J. Scott    197120/244724<br>WINER, MCKENNA, BURRITT & TILLIS, LLP<br>1999 Harrison Street, Suite 600<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 433-1000    FAX NO. *(Optional)*: (510) 433-1001<br>E-MAIL ADDRESS *(Optional)*: alexis@wmlawyers.com<br>ATTORNEY FOR *(Name)*: Plaintiffs Greg Coleman and Richard Bou | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

| PLAINTIFF/PETITIONER: Greg Coleman<br>Richard Bou<br>DEFENDANT/RESPONDENT: Trans Bay Cable, LLC, Steven Powell | CASE NUMBER:<br>CIVMSC-00312 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*: Notice of Case Management Conference, Blank Case Management Statement,
   Notice and Acknowledgement of Receipt-Civil (2 copies)
3. a. Party served *(specify name of party as shown on documents served)*:
   TRANS BAY CABLE, LLC

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
   under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on *(date)*:        (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*:        at *(time)*:        I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
   of the person to be served. I informed him or her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
   place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
   address of the person to be served, other than a United States Postal Service post office box. I informed
   him or her of the general nature of the papers.
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
   at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
   *(date)*:        from *(city)*:        or ☐ a declaration of mailing is attached.
   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

CEB* ceb.com  Essential Forms®

Trans Bay Cable

| PLAINTIFF/PETITIONER: Greg Coleman Richard Bou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Trans Bay Cable, LLC, Steven Powell | CIVMSC-00312 |

5.  c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*: April 4, 2019      (2) from *(city)*: Oakland, CA

    (3) ☒ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify)*: TRANS BAY CABLE, LLC

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

  a. Name: Brenda J. Bruessard

  b. Address: 1999 Harrison Street, Suite 600, Oakland, CA 94612

  c. Telephone number: (510) 433-1000

  d. **The fee** for service was: $      0

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: April 4, 2019

Brenda J. Bruessard

  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

► *Brenda J Bruessard*

      (SIGNATURE)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alexis S. McKenna/Erika J. Scott           197120/244724 <br> WINER, MCKENNA, BURRITT & TILLIS, LLP <br> 1999 Harrison Street, Suite 600 <br> Oakland, CA 94612 <br> TELEPHONE NO.: (510) 433-1000          FAX NO.*(Optional)*: (510) 433-1001 <br> E-MAIL ADDRESS *(Optional)*:   alexis@wmlawyers.com <br> ATTORNEY FOR *(Name)*:  Plaintiffs Greg Coleman and Richard Bou | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Contra Costa <br>   STREET ADDRESS:  725 Court Street <br>   MAILING ADDRESS: <br>   CITY AND ZIP CODE:  Martinez, CA 94553 <br>   BRANCH NAME:  Wakefield Taylor Courthouse | |
| PLAINTIFF/PETITIONER:  Greg Coleman <br>                         Richard Bou <br> DEFENDANT/RESPONDENT:Trans Bay Cable, LLC, Steven Powell | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER: <br> CIVMSC-00312 |
|---|---|

TO *(insert name of party being served)*:  Trans Bay Cable, LLC

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  April 4, 2019

Brenda J. Bruessard
            (TYPE OR PRINT NAME)                              ▶ _(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)_

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)* :
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)* :
    Civil Case Cover Sheet, Notice of Case Management Conference, blank Case Management Statement, ADR Case Management Stipulation and Orde,  Notice and Acknowledgment of Receipt-Civil

*(To be completed by recipient)* :

Date this form is signed: April 23, 2019

Todd K. Boyer
     (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        ▶  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
        ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005]     CEB Essential <br>                                  ceb.com  Forms        NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL        Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov

Trans Bay Cable

1    Todd K. Boyer, State Bar No. 203132
     todd.boyer@bakermckenzie.com
2    BAKER & McKENZIE LLP
     660 Hansen Way
3    Palo Alto, CA  94304-1044
     Telephone: +1 650 856 2400
4
     Attorneys for Defendant
5    TRANS BAY CABLE, LLC

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **COUNTY OF CONTRA COSTA - UNLIMITED JURISDICTION**

10

11   GREG COLEMAN and RICHARD BOU, on          Case No. CIVMSC-00312
     their own behalf and on behalf of former
12   employees similarly situated,             **Assigned for All Purposes to:**
                                               **Honorable Edward G. Weil, Dept. 29**
13              Plaintiffs,
                                               **PROOF OF SERVICE**
14        v.

15   TRANS BAY CABLE, LLC, STEVEN
     POWELL, and DOES 1 through 25,            Complaint Filed:  February 14, 2019
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

                                        1

PROOF OF SERVICE

I, Jennifer Ilas, declare as follows:

      I am over the age of eighteen years and not a party to the case.  I am employed in the County of Santa Clara, State of California, where the mailing occurs; and my business address is **BAKER & McKENZIE LLP,** 660 Hansen Way, Palo Alto, CA 94304.

      On April 23, 2019, I served a copy of the within document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL [EXECUTED ON BEHALF OF DEFENDANT TRANS BAY CABLE, LLC]**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Alexis S. McKenna | Attorneys for Plaintiffs |
| Erika J. Scott | GREG COLEMAN and RICHARD |
| Winer, McKenna, Burritt & Tillis LLP | BOU |
| 1999 Harrison Street, Suite 600 | |
| Oakland, CA 94612 | |

☒    (BY U.S. MAIL)  I placed each such sealed, prepaid envelope, for collection and mailing at Baker & McKenzie LLP, Palo Alto, California, following ordinary business practices.  I am familiar with the practice of collection for U.S. mail, said practice being that in the ordinary course of business, correspondence is picked up at our office the same day as it is placed for collection pursuant to Code of Civil Procedure § 1013(a).  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY EXPRESS MAIL) I placed each such sealed envelope, to be collected at Baker & McKenzie LLP, Palo Alto, California, following ordinary business practices.  I am familiar with the practice of Baker & McKenzie for collection and processing of overnight packages, said practice being that in the ordinary course of business, overnight packages are picked up by a representative of that company to be sent that same day pursuant to Code of Civil Procedure § 1013(c).

☐    (BY ELECTRONIC MAIL)  I caused said document(s) to be transmitted to the email address(es) to the addressee(s) above.

      Executed on April 23, 2019, at Palo Alto, California.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Jennifer Ilas

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

2